## Case No. 4,170.

DUNLOP et al. v. WEST.

[Brunner, Col. Cas. 27;[1] 2 Hayw. N. C. 346.]

Circuit Court, D. North Carolina. 1805.

PER CURIAM. If the sheriff or marshal seizes property in execution, and neglects to sell it, and is sued for his neglect, the plaintiff shall recover damages to the amount of what the property would have produced had he sold it.

## Case No. 4,171.

In re DUNN.

[25 How. Pr. 467.][2]

District Court, S. D. New York. Sept., 1863.

Thomas E. Pearsall, for petitioner.
Samuel J. Glassey, opposed.

BETTS, District Judge. The papers in the above matter having been this day laid before the court, and the counsel for the petitioner thereupon moving the court to command the release and discharge of the said John Dunn, by virtue of the said writ of habeas corpus and the proceedings there-upon, from his previous imprisonment and detention in the military service of the United States, and the proclamation of the president of the United States, bearing date September 15, 1863, being argued in objection and bar to said motion by counsel for the military authorities having custody of the prisoner sought to be released by the aforesaid writ of habeas corpus, and counsel for the respective parties being heard and the premises understood by the court:

It is considered and adjudged by the court, that the proclamation aforesaid of the president of the United States is valid and efficient in law, and that by force thereof all authority and right in this court to act further in the within matter of the said writ of habeas corpus is suspended and stayed.

Whereupon, it is ordered by the court that the motion of the counsel for the petitioner be denied, and that the party to whom the aforesaid writ was directed from this court be acquitted and discharged from further obedience thereto.